On Application for Rehearing.
EN BANC.
PER CURIAM.
The plaintiff-appellant applies for rehearing as to the judgment rendered by this court on June 12, 1969. Notice of the judgment was given by personal delivery to counsel for the plaintiff-appellant on the same day as the judgment was rendered, June 12.
The application is not timely and may not be considered. Applications for rehearing must be filed on or before the fourteenth calendar day after notice of judgment has been given. LSA-CCP Art. 2166; LSA-R.S. 13:4446 (as amended through 1964); Uniform Rules, Courts of Appeal, Rule XI, Section 1 (1963).
In the present instance, the fourteenth day after notice was given was Thursday, June 26. Either on that day or on June 27, a legal secretary for plaintiff-appellant’s counsel brought the application for rehearing to the office of the district judge in the same courthouse as this court is located. She left it with the judge’s secretary for filing with the trial court (whereas of course the application for rehearing should be filed in the appellate court).
The error was not discovered until the morning of Saturday, June 28. At that time, the application was brought to the offices of the Third Circuit Court of Appeal and left with a judge of that court, who called the deputy clerk of court. The application was thus not formally filed in this court until June 28, or two days past the 14-day delay.
Under these circumstances, the application for rehearing was not timely filed in *553 the appellate court. Under the cited statutes, the application must be filed with the court of appeal. As we held in McGee v. Southern Farm Bureau Cas. Co., 125 So.2d 787, 791, in order to he timely filed, an application for rehearing must be delivered into the actual custody of the court’s officers within the delay, and the timeliness of the application is not preserved even though its miscarriage is due to no fault of the movant’s attorney but rather to a delay occasioned by extraneous cause.
We therefore are unable to consider the application for rehearing, because the application was not filed in this court within the statutory delay. The erroneous filing with the trial court does not suspend the delay or prevent it from running.
Application for rehearing not considered.